**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

REBECCA DIANE THEIS                                                                                          PLAINTIFF

v.                                                    No. 3:10CV00193 JLH

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                                                          DEFENDANT

**OPINION AND ORDER**

This is a Social Security disability appeal in which the Court found that the administrative law judge committed error and remanded under sentence four of 42 U.S.C. § 405(g). The plaintiff has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. She requests a fee in the amount of $8,411.77, calculated on the basis of 46.25 hours multiplied by $181.88 per hour. She bases that hourly rate on the statutory maximum of $125 per hour adjusted by dividing the Consumer Price Index–All Urban Consumers' rate for August of 2011 by the cost of living for March of 1996 and multiplying that figure by 125. She also requests payment of $17.13 in expenses.

The Commissioner has responded and concedes that the plaintiff is entitled to reimbursement of attorney's fees under the Equal Access to Justice Act but contends that the application is excessive and poorly documented. Specifically, the Commissioner objects to fifteen telephone calls each of which was billed at 0.5 hours for a total of 7.5 hours for attorney time to talk on the telephone regarding a Social Security disability case that was litigated entirely in writing. The Commissioner also objects to duplicate requests for a total of 2.0 hours of attorney time for consultation on October 9, 2010; October 12, 2010; and January 21, 2011. The Commissioner further objects to reimbursement for the 1.5 hours spent by the lawyer to draft unspecified documents on October 7, 2010; October 12, 2010; and October 21, 2010. The Commissioner

contends that the proposed hourly rate is excessive and argues for an hourly rate of $175.06 for allowable hours spent in 2010 and $179.51 for allowable hours spent in 2011. Like the plaintiff, the Commissioner relies upon the Consumer Price Index but contends that the 2010 annual rate and 2011 mid-year rate should be used because they cover the time period during which the plaintiff's attorney performed the work for which the plaintiff is seeking reimbursement.

In reply, the petitioner has submitted an addendum that explains in more detail entries that were described only generally in the initial submission. The addendum specifies that each of the telephone calls was a phone call with the client and each consultation was a consultation with the client. The addendum also specifies the documents that were drafted on each of the dates that previously had been described only as "drafted document." The first of these entries—a letter to the Social Security Administration—was billed at 0.5 hours on April 7, 2010, but the addendum notes that entry should not have been included. No award will be made for that entry.

Under the Equal Access to Justice Act, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). In this case, the Commissioner concedes that the plaintiff is entitled to an award of attorney's fees pursuant to the Act. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 2631-32, 125 L. Ed. 2d 239 (1993) (holding that a claimant who wins a sentence-four remand order and judgment is a prevailing party entitled to Equal Access to Justice Act fees).

Attorney's fees may not be awarded in excess of $125.00 per hour—the maximum statutory rate under the Act—unless the Court finds that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not

automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989); *see also Hickey v. Secretary of HHS*, 923 F.2d 585, 586 (8th Cir. 1991) (In reviewing a request for attorney's fees, "[t]he district court [is] 'in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe first-hand counsel's representation on the substantive aspects of the disability claim.' ") (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)). However, in *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990), the Eight Circuit held where "an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour, enhanced fees should be awarded."[1]

The plaintiff has offered uncontested proof of an increase in the cost of living in the Eastern District of Arkansas sufficient to justify an hourly rate in excess of $125.00 per hour. *Johnson*, 919 F.2d at 504 ("We believe that the Consumer Price Index constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than $75 per hour in these cases."). However, the Court rejects the notion that attorney's fees should be determined using an hourly rate calculated simply by multiplying $125 per hour by a number derived from the Consumer Price Index. Although the Consumer Price Index provides proof warranting an enhanced fee award, the Court's discretion is not bound by the exact numerical values of the rates provided in the Index. *See King v. Astrue*, No. 08-2068, 2010 WL 143785, at *3 (W.D. Ark. Jan. 11, 2010) (rejecting the plaintiff's argument that the Consumer Price Index rate should be

---

[1] In 1996, Congress increased the statutory ceiling for Equal Access to Justice Act fee awards to $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A).

automatically awarded). That type of calculation results in an hourly rate of some anomalous number of dollars and cents, such as the hourly rates for which the parties here advocate—$181.88, $179.51, and $175.06. Attorney's fees are not determined by using hourly rates of such anomalous dollar and cents amounts. Congress intended that plaintiffs receive reasonable fee awards pursuant to the Equal Access to Justice Act, not attorney's fees based on the kinds of irregular hourly rates for which the parties argue. An attorney's fee is an estimate of what is a reasonable fee for the service rendered considering a number of relevant factors such as the time and labor involved, the skill needed to provide the service properly, the fee customarily charged for that service in the locality, the experience and ability of the attorney providing the service, and whether the fee is fixed or contingent. *See* Ark. Rules of Prof'l Conduct 1.5. Consideration of those factors does not result in the type of precise but anomalous hourly rate for which the parties argue here.

The Eighth Circuit has held that, "[u]nder ordinary circumstances . . . the cost of living affects each litigant within a judicial district to the same degree" and, consequently, enhanced hourly fee rates based on cost-of-living increases should be consistent in each case, "rather than producing disparate fee awards from each court within the district or from different districts within this circuit." *Johnson*, 919 F.2d at 505. In light of common billing practices among attorneys, and to enable the courts in this district to treat fee requests consistently, the Court has decided that the plaintiff's attorney's fee award should be determined calculated based on an hourly rate in a round figure—the kind of figure that commonly forms the basis for determining an attorney's fee. Taking into account the Consumer Price Index, as well as the Equal Access to Justice Act fee awards from past cases within Arkansas, the Court believes that an hourly rate of $175.00 will reasonably compensate the plaintiff's attorney for the work performed in this case. *See*, *e.g.*, *Ware v. Astrue*, No. 4:08CV02908,

2010 WL 582580 (E.D. Ark. Feb. 16, 2010) (awarding attorney's fees at an hourly rate of $169.00 for 2008 and 2009).

In addition, the Court agrees with the Commissioner that entries that were originally described merely as "telephone call," "received and reviewed documents," and "consultation," are troublesome inasmuch as every one of those entries, except for two "consultation" entries, is billed at 0.5 hours. The fee application contains 49 entries, 39 of which are recorded as taking 0.5 hours. The other 10 entries are all greater than 0.5 hours. No entry records time of less than 0.5 hours. It is not reasonable to believe that every telephone call and the review of every document, except the briefs and medical records, consumed 0.5 hours. While thirty minutes may be needed to review some documents, that amount of time seems excessive for receiving and reviewing a document in this type of case, where the only large documents would be medical records and briefs, the time for review of which is billed separately. Likewise, while thirty minutes may be needed for some telephone calls, that amount of time seems excessive in this case, where the primary work consisted of reviewing a record and writing briefs, and where the representation began with a client consultation of 1.5 hours followed two subsequent client consultations of .75 hours each. The Court notes that eight telephone calls were billed for a total of four hours after the final brief was filed in this case. Finding no adequate explanation for how these tasks all could have taken 0.5 hours, the Court has decided that the best course is to reduce the entries for "telephone call," "received and reviewed documents," and "consultation" that were entered at 0.5 hours to 0.2 hours each.

The fee award will be based on an hourly rate of $175.00 and the time entries submitted by the plaintiff, adjusted as follows:

| DATE | DESCRIPTION OF WORK INVOLVED | ORIGINAL TIME | REVISED TIME |
|---|---|---|---|
| 2/17/10 | Initial consultation. | 1.5 | 1.5 |
| 4/1/10 | Consultation; reviewed documents. | 0.5 | 0.2 |
| 4/7/10 | Drafted, reviewed and signed letter (secretarial time not included). | 0.5 | 0.0 |
| 4/28/10 | Telephone call. | 0.5 | 0.2 |
| 5/1/10 | Received and reviewed documents. | 0.5 | 0.2 |
| 8/1/10 | Received and reviewed document. | 0.5 | 0.2 |
| 8/10/10 | Drafted Complaint and other court documents. | 0.75 | 0.75 |
| 8/16/10 | Drafted, reviewed and signed letter (secretarial time not included). | 0.5 | 0.5 |
| 8/19/10 | Received and reviewed document. | 0.5 | 0.2 |
| 9/5/10 | Received and reviewed document. | 0.5 | 0.2 |
| 9/17/10 | Received and reviewed Order. | 0.5 | 0.2 |
| 9/21/10 | Reviewed file; Drafted, reviewed and signed letter (secretarial time not included). | 0.5 | 0.5 |
| 9/27/10 | Drafted, reviewed and signed letters (secretarial time not included). | 0.5 | 0.5 |
| 10/7/10 | Drafted document. | 0.5 | 0.2 |
| 10/9/10 | Consultation. | 0.5 | 0.2 |
| 10/12/10 | Drafted document. | 0.5 | 0.5 |
| 10/12/10 | Consultation; Drafted, reviewed and signed letter (secretarial time not included). | 0.75 | 0.75 |
| 10/12/10 | Received and reviewed document; Drafted, reviewed and signed letter (secretarial time not included). | 0.5 | 0.2 |
| 10/21/10 | Drafted document. | 0.5 | 0.2 |
| 11/8/10 | Telephone call. | 0.5 | 0.2 |
| 11/8/10 | Reviewed, scanned, and uploaded court document. | 0.5 | 0.2 |
| 11/30/10 | Received and reviewed Answer. | 0.5 | 0.2 |
| 12/1/10 | Received and reviewed document. | 0.5 | 0.2 |
| 1/3/11 | Telephone call. | 0.5 | 0.2 |
| 1/3/11 | Reviewed documents and medical records. | 3.75 | 3.75 |
| 1/4/11 | Reviewed documents and medical records. | 2.5 | 2.5 |
| 1/5/11 | Drafted Brief. | 5.75 | 5.75 |
| 1/6/11 | Drafted Brief. | 3.25 | 3.25 |
| 1/7/11 | Drafted Brief and research. | 6.5 | 6.5 |
| 1/8/11 | Drafted, reviewed and signed letter (secretarial time not included). | 0.5 | 0.5 |
| 1/19/11 | Telephone call. | 0.5 | 0.2 |
| 1/21/11 | Consultation. | 0.75 | 0.75 |
| 1/31/11 | Telephone call. | 0.5 | 0.2 |
| 2/17/11 | Received and reviewed document. | 0.5 | 0.2 |
| 2/19/11 | Received and reviewed letter. | 0.5 | 0.2 |
| 2/21/11 | Telephone call. | 0.5 | 0.2 |

| | | | |
|---|---|---|---|
| 2/22/11 | Received and reviewed document. | 0.5 | 0.2 |
| 2/23/11 | Telephone call. | 0.5 | 0.2 |
| 2/25/11 | Reviewed Defendant's Brief. | 0.75 | 0.75 |
| 3/3/11 | Telephone call. | 0.5 | 0.2 |
| 3/28/11 | Telephone call. | 0.5 | 0.2 |
| 4/15/11 | Telephone call. | 0.5 | 0.2 |
| 5/10/11 | Telephone call. | 0.5 | 0.2 |
| 5/12/11 | Telephone call. | 0.5 | 0.2 |
| 5/16/11 | Telephone call. | 0.5 | 0.2 |
| 5/18/11 | Telephone call. | 0.5 | 0.2 |
| 6/27/11 | Telephone call. | 0.5 | 0.2 |
| 7/1/11 | Received and reviewed document. | 0.5 | 0.2 |
| 7/7/11 | Drafted, reviewed and signed letter (secretarial time not included). | 0.5 | 0.5 |
| | TOTAL TIME: | 46.25 | 35.65 |

TOTAL FEE based on 35.65 hours x $175.00 =   $6,238.75
EXPENSES                                          17.13
TOTAL REIMBURSEMENT                         $6,255.88

Recently, the Supreme Court held that any Equal Access to Justice Act award should be made payable to the litigant, not her attorney, and that the award is subject to offset for any debt owed to the government by the litigant. *Astrue v. Ratliff*, --- U.S. ---, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). Therefore, after the plaintiff's federal debt, if any, is subtracted, the Court directs that the above award be made payable to the plaintiff, in care of her attorney, Robert P. Young, and mailed to Mr. Young, pursuant to the Commissioner's standard method of issuing payment.

IT IS SO ORDERED this 2nd day of November, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE